| **Fill in this information to identify the case:** |
| --- |
| United States Bankruptcy Court for the: |
| _____Southern_____ District of ___New York_____ |
| Case number (*If known*): _____ Chapter 15 |

☐ Check if this is an
amended filing

## Official Form 401

# Chapter 15 Petition for Recognition of a Foreign Proceeding   12/15

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write debtor's name and case number (if known).

| | | |
| --- | --- | --- |
| 1. | **Debtor's name** | E-House (China) Enterprise Holdings Limited |

| | |
| --- | --- |
| 2. | **Debtor's unique identifier** |

**For non-individual debtors:**

☐ Federal Employer Identification Number (EIN)  ___ ___ – ___ ___ ___ ___ ___ ___ ___

☒ Other 237426_____. Describe identifier | Cayman Islands Registration No. |

**For individual debtors:**

☐ Social Security number:   xxx – xx– ____ ____ ____ ____

☐ Individual Taxpayer Identification number (ITIN): **9** xx – xx – ____ ____ ____ ____

☐ Other _____. Describe identifier _____.

| | | |
| --- | --- | --- |
| 3. | **Name of foreign representative(s)** | Alexander Lawson |

| | | |
| --- | --- | --- |
| 4. | **Foreign proceeding in which appointment of the foreign representative(s) occurred** | Scheme of Arrangement under section 86 of the Cayman Islands Companies Act |

| | | |
| --- | --- | --- |
| 5. | **Nature of the foreign proceeding** | *Check one:* |

☐ Foreign main proceeding
☐ Foreign nonmain proceeding
☒ Foreign main proceeding, or in the alternative foreign nonmain proceeding

| | |
| --- | --- |
| 6. | **Evidence of the foreign proceeding** |

☒ A certified copy, translated into English, of the decision commencing the foreign proceeding and appointing the foreign representative is attached.

☐ A certificate, translated into English, from the foreign court, affirming the existence of the foreign proceeding and of the appointment of the foreign representative, is attached.

☐ Other evidence of the existence of the foreign proceeding and of the appointment of the foreign representative is described below, and relevant documentation, translated into English, is attached.

_____
_____

| | |
| --- | --- |
| 7. | **Is this the only foreign proceeding with respect to the debtor known to the foreign representative(s)?** |

☐ No. (Attach a statement identifying each country in which a foreign proceeding by, regarding, or against the debtor is pending.)

☒ Yes

| Debtor | E-House (China) Enterprise Holdings Limited | Case number *(if known)* |
|---|---|---|
| | Name | |

**8. Others entitled to notice**

Attach a list containing the names and addresses of:

(i)   all persons or bodies authorized to administer foreign proceedings of the debtor,

(ii)   all parties to litigation pending in the United States in which the debtor is a party at the time of filing of this petition, and

(iii)   all entities against whom provisional relief is being sought under § 1519 of the Bankruptcy Code.

**9. Addresses**

**Country where the debtor has the center of its main interests:**

Cayman Islands

**Debtor's registered office:**

Ugland House
Number       Street

PO Box 309
P.O. Box

Grand Cayman KY1-1104
City           State/Province/Region     ZIP/Postal Code

Cayman Islands
Country

**Individual debtor's habitual residence:**

Number       Street

P.O. Box

City           State/Province/Region     ZIP/Postal Code

Country

**Address of foreign representative(s):**

142 Seafarers Way
Number       Street

PO Box 2507
P.O. Box

George Town, Grand Cayman  KY1-1105
City           State/Province/Region     ZIP/Postal Code

Cayman Islands
Country

**10. Debtor's website** (URL)

https://www.ehousechina.com

**11. Type of debtor**

*Check one:*

☑ Non-individual (*check one*):

   ❑ Corporation.  Attach a corporate ownership statement containing the information described in Fed. R. Bankr. P. 7007.1.

   ❑ Partnership

   ☑ Other.  Specify:  Exempted company incorporated with limited liability

❑ Individual

| Debtor | E-House (China) Enterprise Holdings Limited | Case number *(if known)* _____ |
|--------|---------------------------------------------|--------------------------------------------------|
|        | Name                                        |                                                  |

---

**12. Why is venue proper in *this district*?**

Check one:

☑ Debtor's principal place of business or principal assets in the United States are in this district.

☐ Debtor does not have a place of business or assets in the United States, but the following action or proceeding in a federal or state court is pending against the debtor in this district:

_____.

☐ If neither box is checked, venue is consistent with the interests of justice and the convenience of the parties, having regard to the relief sought by the foreign representative, because:

_____.

---

**13. Signature of foreign representative(s)**

I request relief in accordance with chapter 15 of title 11, United States Code.

I am the foreign representative of a debtor in a foreign proceeding, the debtor is eligible for the relief sought in this petition, and I am authorized to file this petition.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct,

✖ /s/ Alexander Lawson _____     Alexander Lawson _____
Signature of foreign representative          Printed name

Executed on  10/03/2022 _____
MM  / DD / YYYY

✖ _____     _____
Signature of foreign representative          Printed name

Executed on  _____
MM  / DD / YYYY

---

**14. Signature of attorney**

✖ /s/ Lisa Laukitis _____     Date  10/03/2022 _____
Signature of Attorney for foreign representative          MM    / DD / YYYY

Lisa Laukitis _____
Printed name
Skadden, Arps, Slate, Meagher & Flom LLP _____
Firm name
One Manhattan West _____
Number        Street
New York _____     NY _____     10001 ____
City                                      State       ZIP Code

(212) 735-3000 _____     Lisa.Laukitis@skadden.com ____
Contact phone                         Email address

3040573 _____     NY _____
Bar number                            State

---

**EXHIBIT A**

**Statement Pursuant to Bankruptcy Code Section 1515(c) and Bankruptcy Rule 1007(a)(4)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Lisa Laukitis
One Manhattan West
New York, New York 10001
Telephone: (212) 735-3000
Fax: (212) 735-2000

– and –

Justin M. Winerman (*pro hac vice* admission pending)
Anthony R. Joseph (*pro hac vice* admission pending)
155 North Wacker Drive
Chicago, Illinois 60606-1720
Telephone: (312) 407-0700
Fax: (312) 407-0411

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM (UK) LLP
Peter Newman
40 Bank Street
Canary Wharf
London E14 5DS
Telephone: +44 20 7519 7000
Fax: +44 20 7519 7070
*Counsel to the Foreign Representative*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re* | Chapter 15 |
| E-HOUSE (CHINA) ENTERPRISE HOLDINGS LIMITED | Case No. 22-_____ (___) |
| Debtor in a Foreign Proceeding.[1] | |

**STATEMENT PURSUANT TO BANKRUPTCY CODE SECTION 1515(c) AND**
**BANKRUPTCY RULE 1007(a)(4)**

Alexander Lawson of Alvarez & Marsal Cayman Islands Limited ("**A&M**

**Cayman**"), in his capacity as the duly authorized scheme supervisor and foreign representative

(the "**Scheme Supervisor**," the "**Foreign Representative**," or the "**Petitioner**") of E-House

(China) Enterprise Holdings Limited (the "**Debtor**" and, together with its non-Debtor affiliates, the "**Group**"),[2] an exempted company with limited liability incorporated under the laws of the Cayman Islands that is the subject of the foreign restructuring proceeding entitled *In the Matter of E-House (China) Enterprise Holdings Limited* (the "**Cayman Proceeding**") concerning a scheme of arrangement (the **"Scheme"**) between the Debtor and creditors of the Debtor who have claims under the Old Notes (the "**Scheme Creditors**") under section 86 of the Cayman Islands Companies Act (the "**Companies Act**"), which is currently pending before the Grand Court of the Cayman Islands (the "**Cayman Court**"), by and through his undersigned counsel, respectfully submits these lists pursuant to rule 1007(a)(4) Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and represent as follows:

## I.      Corporate Ownership Statement

1.      In compliance with the requirements of Bankruptcy Rules 1007(a)(4)(A) and 7007.1, to the best of my knowledge, information, and belief, the following is the corporate ownership statement of the Debtor, identifying, in accordance with Bankruptcy Rule 7007.1, any corporations, other than governmental units, that directly or indirectly own 10% or more of any class of the Debtor's equity interests:

| Shareholders | As at the date of the Verified Petition | |
|---|---|---|
| | Number of shares | Approximate % |
| Mr. Zhou Xin Parties[3] | | |

---

[1]     The Debtor is an exempted company incorporated in the Cayman Islands with limited liability, and registered with registration number 237426. The Debtor's registered office address is PO Box 309, Ugland House, Grand Cayman, KY1-1104, Cayman Islands.

[2]     Capitalized terms used but not otherwise defined are given their meaning in the *Verified Petition for (I) Recognition of Foreign Main Proceeding, (II) Recognition of Foreign Representative, and (III) Certain Related Relief* (the "**Verified Petition**"), filed contemporaneously herewith.

[3]     These 413,073,499 shares are held as to 146,918,440 shares by E-House Holdings, 228,920,000 shares by CRE Corp, 2,775,059 shares by Regal Ace, and 20,000,000 shares by On Chance, respectively, and excluding 14,460,000 shares to be issued upon exercise of options granted to Mr. Zhou Xin under the Pre-IPO Share Option Scheme (as detailed in the Debtor's prospectus dated July 10, 2018). CRE Corp is a wholly-owned subsidiary of E-House Holdings, itself a wholly-owned subsidiary of E-House Holdings Limited. E-House Holdings Limited
*(cont'd)*

| | | |
|---|---:|---:|
| E-House (China) Holdings Limited ("**E-House Holdings**")[3] | 146,918,440 | 8.40 |
| China Real Estate Information Corporation ("**CRE Corp**")[3] | 228,920,000 | 13.09 |
| Regal Ace Holdings Limited  ("**Regal Ace**")[3] | 2,775,059 | 0.16 |
| On Chance Inc. ("**On Chance**")[3] | 20,000,000 | 1.14 |
| Mr. Zhou Xin[4] | 14,460,000 | 0.83 |
| **Sub-total of Mr. Zhou Xin Parties** | **413,073,499** | **23.62** |
| | | |
| **Other E-House directors**[4] | | |
| Mr. Huang Canhao | 9,600,000 | 0.55 |
| Dr. Ding Zuyu | 9,600,000 | 0.55 |
| Dr. Cheng Li-Lan | 1,446,000 | 0.08 |
| **Sub-total of other E-House directors** | **20,646,000** | **1.18** |
| | | |
| **Alibaba Group**[5] | | |
| Alibaba.com Hong Kong Limited ("**Alibaba HK**") | 99,508,197 | 5.69 |
| Taobao China Holding Limited ("**Taobao China**") | 145,588,000 | 8.32 |
| **Sub-total of Alibaba Group** | **245,096,197** | **14.01** |
| | | |
| E-House Independent Shareholders | 1,070,243,834 | 61.19 |
| **Total** | **1,749,059,530** | **100.00** |

## II.  List of Names and Addresses of All Persons or Bodies Authorized to Administer Foreign Proceeding of the Debtor

2.     In compliance with the requirements of Bankruptcy Rule 1007(a)(4)(B), I, Alexander Lawson, am the only Foreign Representative authorized to administer the Cayman Proceeding.  My address is as follows:

> Alvarez & Marsal Cayman Islands Limited
> c/o Alexander Lawson
> 2nd Floor, Flagship Building
> 142 Seafarers Way
> P.O. Box 2507
> George Town
> Grand Cayman KY1-1104
> Cayman Islands

---

is held as to 33.13% by On Chance, 14.65% by Jun Heng Investment Limited ("**Jun Heng**"), and 52.22% by Mr. Zhou Xin. Jun Heng is wholly-owned by On Chance, which is in turn wholly-owned by Mr. Zhou Xin. Regal Ace is wholly-owned by Mr. Zhou Xin.

[4]     These shares represent the shares to be issued to the directors of the Debtor upon their exercise of options granted under the Pre-IPO Share Option Scheme (as detailed in the Debtor's prospectus dated July 10, 2018).

[5]     145,588,000 Shares are held by Taobao China Holding Limited and 99,508,197 Convertible Notes are held by Alibaba HK. Taobao China Holding Limited is a wholly-owned subsidiary of Taobao Holding Limited, which is a wholly-owned subsidiary of Alibaba Group Holding Limited ("**Alibaba Holding**"). Alibaba HK is wholly-owned by Alibaba.com Investment Holding Limited, which is a wholly-owned subsidiary of Alibaba.com Limited. Alibaba.com Limited is 80.02% held by Alibaba Holding.

**III.    Litigation Parties in the United States**

3.       In compliance with the requirements of Bankruptcy Rule 1007(a)(4)(B), as of the date hereof (the "**Petition Date**"), I am not aware of any litigation pending in the United States in which the Debtor is a party.

**IV.    Entities Against Whom Relief Is Being Sought Under Section 1519 of the Bankruptcy Code**

4.       In compliance with the requirements of Bankruptcy Rule 1007(a)(4)(B), as of the Petition Date, I am not seeking interim relief under section 1519 of the title 11 of the United States Code (the "**Bankruptcy Code**") against any entities.[6]

**V.    Statement Identifying All Foreign Proceedings with Respect to the Debtor that Are Known to the Foreign Representative**

5.       In compliance with Bankruptcy Code section 1515(c), as of the Petition Date, the Debtor is not involved in any foreign proceedings other than the Cayman Proceeding.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is, to the best of my knowledge, information, and belief, complete, true, and correct.

Dated:  October 3, 2022

_/s/ Alexander Lawson_____
Alexander Lawson in my capacity as
Foreign Representative of
E-House (China) Enterprise Holdings Limited

---

[6]       The Debtor and the Foreign Representative reserve the right to seek provisional relief under Bankruptcy Code section 1519 by separate motion.

4

**EXHIBIT B**

**Evidence of Foreign Proceeding – Convening Order**



**IN THE GRAND COURT OF THE CAYMAN ISLANDS**

**FINANCIAL SERVICES DIVISION**

In Chambers

15 September 2022

Before the Honourable Justice Segal

**CAUSE NO: FSD 165 OF 2022 (NSJ)**

**IN THE MATTER OF SECTION 86 OF THE COMPANIES ACT (2022 REVISION)**

**AND**

**IN THE MATTER OF E-HOUSE (CHINA) ENTERPRISE HOLDINGS LIMITED**

_____

**ORDER**

_____

**UPON** the application of E-House (China) Enterprise Holdings Limited (the "**Company**") by its Summons dated 28 July 2022 (the "**Summons**")

**AND UPON** reading the Petition dated 28 July 2022 (the "**Petition**"), as amended by this Order

**AND UPON** reading the First, Second and Third Affirmations of Zhou Liang, the First and Second Affidavits of Yeung King Shan Fanny, the First Affidavit of Allan L. Gropper, the First Affidavit of Edward Lam, and the exhibits thereto

This ORDER is filed by Maples and Calder (Cayman) LLP, Attorneys-at-Law for the Company, whose address for service is PO Box 309, Ugland House, Grand Cayman, KY1-1104, Cayman Islands. (Ref: NHL/NDS/AAD/RNH/738375.10)

**AND UPON** hearing Counsel for the Company

**AND UPON** the Company undertaking to file (i) notarised copies of the First, Second and Third Affirmations of Zhou Liang, and (ii) a further affidavit exhibiting the form of explanatory statement and its appendices including the Scheme Meeting Notice, the Account Holder Letter and the Blocked Scheme Creditor Voting Form sent to the Court by email on 20 September 2022 (and the references in this Order to the explanatory statement shall be to that draft which shall be referred to herein as the "**Explanatory Statement**") within 14 days of the Scheme Convening Hearing

**AND UPON** the basis that all capitalised terms not otherwise defined in this Order shall have the meaning given to them in the scheme of arrangement contained in Appendix 4 to the Explanatory Statement (the "**Scheme**") and in the Explanatory Statement in relation to the Scheme.

**AND IT IS HEREBY ORDERED AND DIRECTED THAT**:

1    The Company has leave to amend the Petition in the terms attached to the Company's summons dated 7 September 2022.

2    The Company has permission to convene a single meeting (the "**Scheme Meeting**") of the Scheme Creditors at 7:00 am (Cayman Islands time) / 8:00 pm (Hong Kong time) on 12 October 2022 at the offices of Maples and Calder (Cayman) LLP at Ugland House, South Church Street, Grand Cayman KY1-1104, Cayman Islands, for the purpose of considering and, if thought fit, approving (with or without modification) the Scheme (subject to applicable COVID-19 restrictions, policies or guidance then in force in the Cayman Islands, and in which case any changes in arrangements relating to the Scheme Meeting shall be communicated to Scheme Creditors as soon as possible in advance of the Scheme Meeting on the Scheme Website, the website of the Company, and by a public announcement published on the website of The Stock Exchange of Hong Kong Limited).

This ORDER is filed by Maples and Calder (Cayman) LLP, Attorneys-at-Law for the Company, whose address for service is PO Box 309, Ugland House, Grand Cayman, KY1-1104, Cayman Islands. (Ref: NHL/NDS/AAD/RNH/738375.10)

2

3       Attendance and voting at the Scheme Meeting will also be possible by video conference, using details that will be provided on request by the Information Agent to Scheme Creditors who are not Blocked Scheme Creditors and by the Company to Blocked Scheme Creditors.

4       The Company has permission to set a record time of 10:00 am (Cayman Islands time) / 11:00 pm (Hong Kong time) on 7 October 2022 (the "**Record Date**") for the purposes of determining each Scheme Creditor's economic or beneficial interest as principal in the Old Notes (the "**Scheme Claims**"). The Scheme Claims as at the Record Date determine:

(a)     the number of votes to be assigned to a Scheme Creditor when voting on the Scheme at the Scheme Meeting; and

(b)     a Scheme Creditor's entitlement to the Scheme Consideration by reference to the information provided in each Scheme Creditor's Account Holder Letter or Blocked Scheme Creditor Voting Form, as applicable.

5       The Company has permission to set a record date as the latest date on which (a) the Information Agent must receive a valid Account Holder Letter from Scheme Creditors who are not Blocked Scheme Creditors, and (b) the Company must receive a valid Blocked Scheme Creditor Voting Form from Blocked Scheme Creditors (together, the "**Voting Instruction Deadline**") in order for the Scheme Creditors' voting instructions to be taken into account for the purposes of the Scheme Meeting.

6       Notice of the Scheme Meeting ("**Scheme Meeting Notice**") shall be given to Scheme Creditors not less than 21 days before the Scheme Meeting:

(a)     for Scheme Creditors that are not Blocked Scheme Creditors, by notice on the Scheme Website;

(b)     by announcement on the website of The Stock Exchange of Hong Kong Limited;

This ORDER is filed by Maples and Calder (Cayman) LLP, Attorneys-at-Law for the Company, whose address for service is PO Box 309, Ugland House, Grand Cayman, KY1-1104, Cayman Islands. (Ref: NHL/NDS/AAD/RNH/738375.10)

3

(c)    by announcement on the website of the Company;

(d)    for Scheme Creditors that are not Blocked Scheme Creditors, through the Clearing Systems in accordance with the procedures described in the First Affidavit of Yeung King Shan Fanny; and

(e)    by causing the Information Agent to send the notice via electronic mail to each Noteholder for whom the Information Agent has contact details.

7    The Scheme Meeting Notice shall be in substantially the same form as that appended to the Explanatory Statement.

8    When distributing the Scheme Meeting Notice in accordance with paragraph 6 above, the Information Agent shall also include the final form of the explanatory statement as referred to in paragraph 9 below (of which the Scheme Meeting Notice forms part) or an electronic link thereto, which contains, amongst other things:

(a)    the Scheme at Appendix 4;

(b)    a Solicitation Packet (including the Account Holder Letter and the Blocked Scheme Creditor Voting Form) at Appendix 6; and

(c)    the form of the New Notes Indenture at Appendix 11.

The same documents shall be available on the website of the Company for Scheme Creditors, including Blocked Scheme Creditors, to access.

9    The final form of the explanatory statement and its appendices shall be in substantially the same form as the Explanatory Statement.

This ORDER is filed by Maples and Calder (Cayman) LLP, Attorneys-at-Law for the Company, whose address for service is PO Box 309, Ugland House, Grand Cayman, KY1-1104, Cayman Islands. (Ref: NHL/NDS/AAD/RNH/738375.10)

4

10    The accidental omission to serve any Scheme Creditor with the Scheme Meeting Notice, or the non-receipt by any Scheme Creditor of the Scheme Meeting Notice, shall not invalidate the proceedings at the Scheme Meeting.

11    Mr. Alexander Lawson, or, failing him, another representative of Alvarez & Marsal Cayman Islands Limited nominated by him, shall be appointed Chairperson of the Scheme Meeting ("**Chairperson**") on behalf of the Company, and within five (5) days of the Scheme Meeting, the Chairperson shall provide to the Court a report on the proceedings at and the result of the Scheme Meeting.

12    The Account Holder Letter (including the form of proxy contained therein), in substantially the same form as that appended to the Explanatory Statement, shall be approved for use by the Scheme Creditors who are not Blocked Scheme Creditors at the Scheme Meeting.

13    The Blocked Scheme Creditor Voting Form (including the form of proxy contained therein), in substantially the same form as that appended to the Explanatory Statement, shall be approved for use by the Blocked Scheme Creditors at the Scheme Meeting.

14    The Chairperson shall be entitled to accept, without further investigation, the signature on any Account Holder Letter or Blocked Scheme Creditor Voting Form, as applicable, as being genuine and as authority of the signatory to cast the votes in accordance with the instructions outlined in the Account Holder Letter or Blocked Scheme Creditor Voting Form, as applicable, and the Solicitation Packet.

15    The Chairperson shall be responsible for determining, in accordance with the relevant provisions in the Explanatory Statement, the entitlement of any Scheme Creditor, and the value for which any Scheme Creditor be permitted, to vote at the Scheme Meeting and the validity of the appointment of any person permitted to act as proxy for a Scheme Creditor by

This ORDER is filed by Maples and Calder (Cayman) LLP, Attorneys-at-Law for the Company, whose address for service is PO Box 309, Ugland House, Grand Cayman, KY1-1104, Cayman Islands. (Ref: NHL/NDS/AAD/RNH/738375.10)

5

reference to the information provided in each Scheme Creditor's Account Holder Letter or each Blocked Scheme Creditor's Blocked Scheme Creditor Voting Form, as applicable.

16    The Chairperson shall be at liberty to accept any Account Holder Letter or Blocked Scheme Creditor Voting Form, as applicable, and the amount of a Scheme Claim in respect of which a Scheme Creditor seeks to vote, notwithstanding that such letter or form has not been completed or submitted in accordance with any instructions contained therein, provided that the Chairperson considers that the information contained therein is sufficient to establish the entitlement of the Scheme Creditor to vote.

17    The Chairperson shall be at liberty to adjourn the Scheme Meeting to a later time on 12 October 2022 or to a later date, in his or her sole discretion provided that, if adjourned, the Scheme Meeting will recommence as soon as reasonably practicable thereafter, by notice to the Scheme Creditors in the same manner as notice was given to them by the Information Agent pursuant to paragraph 6. In the event that the Chairperson considers in his or her sole discretion that it is necessary or appropriate to adjourn the Scheme Meeting, the Company shall notify the Scheme Creditors that there is an adjournment of the Scheme Meeting and as to the time of the adjourned Scheme Meeting as soon as practicable.

18    Any person validly appointed as proxy for a Scheme Creditor in accordance with the instructions set out in the Account Holder Letter or Blocked Scheme Creditor Voting Form, as applicable, and the Solicitation Packet may attend and speak at the Scheme Meeting.

19    Consenting Creditors who vote in favour of the Scheme at the Scheme Meeting shall be treated as having also voted in favour of and as having agreed (by way of amendment to the RSA) to:

19.1    The Longstop Date Extension; and

This ORDER is filed by Maples and Calder (Cayman) LLP, Attorneys-at-Law for the Company, whose address for service is PO Box 309, Ugland House, Grand Cayman, KY1-1104, Cayman Islands. (Ref: NHL/NDS/AAD/RNH/738375.10)

6

19.2    A waiver of: (i) the requirement for Consenting Creditors who are Blocked Scheme Creditors to submit an Account Holder Letter as part of their performance of the obligations pursuant to clause 3.1 (a) – (d) inclusive of the RSA ("**Clause 3 Obligations**"); or (ii) to the extent consented to by the Company, such other requirements for Consenting Creditors who are Blocked Scheme Creditors under the Clause 3 Obligations.

20    Mr. Alexander Lawson shall be appointed as duly authorised foreign representative of the Company and be authorised to seek relief under Chapter 15 of Title 11 of the United States Bankruptcy Code, and to take such steps arising in connection therewith.

21    The Petition shall be listed to be heard on 26 October 2022 at 9.00 a.m. (Cayman Islands time).

22    There shall be liberty to apply generally.

DATED this  20  day of September 2022

FILED this    20  day of September 2022

_____

**The Honourable Justice Segal**

**JUDGE OF THE GRAND COURT**

This ORDER is filed by Maples and Calder (Cayman) LLP, Attorneys-at-Law for the Company, whose address for service is PO Box 309, Ugland House, Grand Cayman, KY1-1104, Cayman Islands. (Ref: NHL/NDS/AAD/RNH/738375.10)

7